IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| NICOLAS DAVID CENTENO : <br> 12212 Connecticut Avenue : <br> Silver Spring, Maryland  20902 : | Civil Action No. |
| : | |
| FREDY E. SULLCA KQUECCANO : <br> 5005 McCall Street : <br> Rockville, Maryland 20853 : | |
| : | |
|     Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| VERO DESIGN BUILD, LLC : <br> 41823 Progress Terrace : <br> Aldie, Virginia 20105 : | |
| : | |
|     Serve:  Resident Agent : <br>              James Campbell : <br>              41823 Progress Terrace : <br>              Aldie, Virginia 20105 : | |
| : | |
| KEN WALIZADA : <br> 41823 Progress Terrace : <br> Aldie, Virginia 20105 : | |
| : | |
| ALI WALIZADA : <br> 41823 Progress Terrace : <br> Aldie, Virginia 20105 : | |
| : | |
| AHMAD WALIZADA : <br> 41823 Progress Terrace : <br> Aldie, Virginia 20105 : | |
| : | |
|     Defendants. : | |

## COMPLAINT

Plaintiffs, Nicolas David Centeno and Fredy E. Sullca Kqueccano (collectively "Plaintiffs"), by and through their attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants Vero Design Build,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4890452_1

LLC, Ken Walizada, Ali Walizada and Ahmad Walizada (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as ceramic tile installers. Plaintiffs were paid at the same regular hourly rate for all hours worked. They worked approximately sixty hours per week and were not paid at the overtime rate of one and a half times their regular hourly rate as required by federal law. Plaintiffs were not compensated at all for 173 hours of work. Defendants have willfully violated the clear and well-established overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendants also breached their contract with Plaintiffs to compensate them for all hours worked at the agreed upon rate. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Nicolas David Centeno is an adult resident of Maryland.

4. Plaintiff Fredy E. Sullca Kqueccano is an adult resident of Maryland.

5. Defendants Vero Design Build, LLC ("Vero Design") is a Virginia corporation.

6. Defendants Ken Walizada, Ali Walizada and Ahmad Walizada (the "Individual Defendants") are the owners of Vero Design.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

4890452_1

7. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

8. Defendants have at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendants also process credit card transactions for customer payments and purchase equipment and inventory that move in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. The Individual Defendants controlled the day to day operations of Vero Design.

11. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiffs.

12. The Individual Defendants supervised Plaintiffs directly or indirectly.

13. The Individual Defendants directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

14. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16. Each of the Individual Defendants would be considered an employer for purposes of individual liability because of their intrinsic involvement in the business

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## FACTS

17. Plaintiffs were employed by Defendants as ceramic tile installers from March 1, 2015 through November 11, 2015 (the "Employment Period").

18. Plaintiff Nicolas David Centeno was paid at a regular hourly rate of $24.00.

19. Plaintiff Nicolas David Centeno worked an average of sixty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours per week.

20. Plaintiff Nicolas David Centeno was not compensated at all for 173 hours of work.

21. Plaintiff Nicolas David Centeno is owed approximately $4,152.00 in straight time wages and $9,078.00 in overtime wages.

22. Plaintiff Fredy E. Sullca Kqueccano was paid at a regular hourly rate of $12.00.

23. Plaintiff Fredy E. Sullca Kqueccano worked an average of sixty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours per week.

24. Plaintiff Fredy E. Sullca Kqueccano was not compensated at all for 173 hours of work.

25. Plaintiff Fredy E. Sullca Kqueccano is owed approximately $2,076.00 in straight time wages and $2,496.00 in overtime wages.

26. Plaintiffs are owed overtime and straight time wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of federal law.

27. By statute, Defendants are required to maintain records which document the number of days Plaintiffs worked. *See* 29 U.S.C. §211(c).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4890452_1

28. The precise number of hours worked, and wages owed, should be revealed through discovery.

29. Defendants knowingly and intentionally violated Plaintiffs' rights under federal law.

## COUNT I
### (FLSA)

30. Plaintiffs adopt herein by reference paragraphs 1 through 29 above as if fully set forth herein.

31. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

32. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week.

33. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

34. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $23,148.00 which is two times the total overtime compensation owed, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT II
### (Breach of Contract)

35. Plaintiffs adopt herein by reference paragraphs 1 through 29 above as if fully set forth herein.

36. Defendants agreed to pay Plaintiff Nicolas David Centeno at a regular hourly rate of $24.00 and Plaintiff Fredy E. Sullca Kqueccano at a regular hourly rate of $12.00.

37. Plaintiffs worked 173 hours for which they were not paid at all.

38. Defendants breached their contract with Plaintiffs.

39. Plaintiffs are owed $6,228.00.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $6,228.00 and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020